UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES JOSEPH MAKI, | Case No. 3:14-cv-00675-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, | |
| Respondents. | |

Petitioner, a Nevada prisoner, has filed a document *pro se* entitled Designation of Record on Appeal and included a Nevada Supreme Court order affirming the denial of his state postconviction petition for writ of habeas corpus (Dkt. no. 1-1). While the Court surmises that petitioner wishes to pursue a habeas petition in federal court, this filing is insufficient to initiate any action in this Court. Moreover, petitioner has failed to submit an application to proceed *in forma pauperis* or pay the filing fee. Accordingly, this matter has not been properly commenced. 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2.

Thus, the present action will be dismissed without prejudice to the filing of a habeas petition pursuant to 28 U.S.C. § 2254 on the form required by this Court in a new action with either the $5.00 filing fee or a completed application to proceed *in forma pauperis* on the proper form with both an inmate account statement for the past six months and a properly executed financial certificate.

It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with regard to a promptly

filed new action.[1] Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.

It is therefore ordered that this action is dismissed without prejudice to the filing of a petition in a new action with either the $5.00 filing fee or a properly completed application form to proceed *in forma pauperis*.

It is further ordered that a certificate of appealability is denied, as jurists of reason would not find the Court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

It is further ordered that the Clerk shall send petitioner two (2) copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital section 2254 habeas petition form, one (1) copy of the instructions for each form, and a copy of the papers that he submitted in this action.

It is further ordered that the Clerk shall enter judgment accordingly and close this case.

DATED THIS 6th day of February 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] The December 11, 2014, Nevada Supreme Court order of affirmance in Case No. 66144 attached by petitioner indicates that petitioner filed that state postconviction petition eighteen years after remittitur issued on his direct appeal on October 24, 1995 and that that was at least his second state postconviction petition (dkt. no. 1-1 at 2-4).